# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL PORTER,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>LS MCEWAN, WARDEN; GARCIA, REGISTERED NURSE; MITCHELL, REGISTERED NURSE; CORREA, SUP. REGISTERED NURSE,<br><br>　　　　　　　　　　Defendants. | CASE NO. 3:11-CV-02021-LAB-BLM<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

### I.  Introduction

Plaintiff Samuel Porter, a prisoner in state custody, is requesting a preliminary injunction, though it is unclear what he wants enjoined. His request alleges that the prison staff and culture are oppressive, corrupt and tyrannical, but the Court cannot enjoin oppression, corruption, and tyranny generally. The most sense the Court can make of Porter's request is this: He believes he has tapeworms (in fact, he heard one scream), and he believes the prison doctors are refusing to accurately diagnose him. In fact, Porter alleges that they ran X-rays that found no tapeworms and then used the X-rays to taunt and ridicule him. Porter wants the doctors to submit to polygraph tests, and he wants the Court to order that a California Attorney General or a "federal doctor from a nearby federal institution" oversee a proper X-ray.

## II. Discussion

In order for the Court to grant a preliminary injunction, Porter must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent the preliminary injunction; (3) the balance of equities favors him; and (4) the injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). If Porter cannot demonstrate the likelihood of irreparable harm absent the preliminary injunction, the Court does not need to address the other three elements. *See Ctr. For Food Safety v. Vilsack*, 636 F. 3d 1166, 1174 (9th Circ.2011).

Porter alleges he will suffer irreparable harm to his central nervous system if he is not treated for the tapeworm(s) he believes he has. He does not sufficiently show, however, that he actually has tapeworms, or that there is any credibility to his accusation that the prison doctors are deliberately misdiagnosing him.  He also fails to explain how a preliminary injunction ordering polygraph tests—assuming the Court could even grant such relief in a preliminary injunction—is likely to prevent irreparable harm.

## III. Conclusion

Porter fails to show that he is likely to be irreparably harmed absent the injunctive relief he seeks.  On this failure alone (although the Court would also find he has failed to satisfy the other *Winter* factors), his request for a preliminary injunction **DENIED**.

**IT IS SO ORDERED**.

DATED: January 24, 2012

**HONORABLE LARRY ALAN BURNS**
United States District Judge