# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER, CDCR #J-87467,<br><br>                              Plaintiffs,<br><br>vs.<br><br>L.W. McEWEN; GARCIA; MITCHELL; CORREA,<br><br>                              Defendants. | Civil No.   11cv2021 LAB (BLM)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C.  § 1915(e)(2) & § 1915A** |

**I.     Procedural History**

On September 1, 2011, Plaintiff, Samuel Kenneth Porter, currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding pro se, filed an action pursuant to 42 U.S.C. § 1983.  In his original Complaint, Plaintiff alleged that prison officials had violated his Fourteenth Amendment rights by failing to process his administrative grievances.  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") [ECF No. 2].  On November 14, 2011, the Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  *See* Nov. 14, 2011 Order at 5-6.

1 　　　　Plaintiff was granted leave to file an Amended Complaint in order to correct the
2 deficiencies of pleading identified by the Court. *Id*. On December 16, 2011, Plaintiff filed his
3 First Amended Complaint ("FAC") in which he names new Defendants and claims factual
4 allegations that are entirely different from those alleged in his original Complaint. In addition,
5 Plaintiff has filed an Ex Parte Motion for Preliminary Injunction which the Court denied on
6 January 27, 2011.

7 **II.　　Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

8 　　　　**A.　　Standard of Review**

9 　　　　The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints
10 filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained
11 in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of
12 criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary
13 program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b).
14 Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any
15 portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages
16 from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

17 　　　　Plaintiff's First Amended Complaint is difficult to discern but he appears to allege that
18 prison officials refuse to treat him for tapeworm. (*See* FAC at 3.) In addition, Plaintiff alleges
19 that a tapeworm "came out in the shower" with "whiskers." (*Id.*) A complaint is frivolous
20 "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325
21 (1989). Here, the Court finds Plaintiff's claims to be frivolous under § 1915A because they lack
22 even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or
23 "delusional." *Neitzke*, 490 U.S. at 325, 328.

24 **III.　　Conclusion and Order**

25 　　　　Good cause appearing, **IT IS HEREBY ORDERED** that:

26 　　　　1.　　Plaintiff's First Amended Complaint is **DISMISSED** as frivolous pursuant to 28
27 U.S.C. §§ 1915(e)(2) & 1915A. Moreover, because the Court finds amendment of Plaintiff's
28 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins.*

*Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

      2.    Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

      The Clerk shall enter judgment for the Defendants and close the file.

**IT IS SO ORDERED.**

DATED: January 31, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge